### GEORGE DOREMUS v. ISAAC HOWARD.

1. In an action for the price of goods *bargained and sold*, it is only necessary to prove a valid sale, it is not necessary to prove a delivery: the right of action is perfect without delivery.

2. A tenant, either for money rent or for a share of the produce of the land, has possession of and power over the crops, and can dispose of them absolutely without consent of his landlord.

3. Upon the trial of an appeal from the court for the trial of small causes in the Common Pleas before a jury, there can be no judgment of nonsuit after the merits of the cause on part of the plaintiff have been submitted.

4. Upon a judgment of affirmance in the Court of Common Pleas in an appeal, a mere entry, that the court affirm the judgment below, without giving judgment for a specific sum in favor of the appellee, is erroneous and irregular, no execution can be issued upon it; but in such case the judgment will not be reversed, but will be remitted for correction.

This cause was brought into this court upon *certiorari* to Bergen Common Pleas removing the record and proceedings of that court, on an appeal from the court for the trial of small causes. Howard, the defendant in *certiorari*, sued Doremus before the justice, in debt, for the price of a crop of grass, bargained and sold, by him to Doremus while growing, for the price of twenty-five dollars. Howard obtained a verdict before the justice for twenty-five dollars. From the judgment on this verdict, Doremus appealed to Bergen Common Pleas. Upon the trial, the plaintiff below proved the agreement of sale of the grass by him to the defendant, and rested without proving a delivery of the grass, the grass having been sold to the defendant below, standing, to be cut and taken away by him, and in fact never having been cut or taken away by Doremus. The defendant below applied for a nonsuit, upon the ground that no delivery was proved, which was refused by the court. The jury having rendered a verdict for the plaintiff below of twenty-five dollars, the judgment of the justice was affirmed; but in entering the affirmance in the Common Pleas the entry was, " that the judgment of the justice be affirmed," without any entry giving judgment for the verdict.

The cause was argued before NEVIUS and OGDEN, Justices.

Doremus v. Howard.

*Woodruff*, for plaintiff in *certiorari*; *Knapp*, for defendant.

NEVIUS, J. This is an action brought before a justice of the peace, on an alleged contract between the parties for the sale and purchase of a crop of grass growing upon five acres of land. The jury, on the trial before the justice, rendered a verdict for the plaintiff below, who is the defendant in this court, for $25, and a like verdict was rendered on the trial of the appeal. A state of the case is sent up, containing a history of the trial in the Common Pleas, and signed by the judges of that court. To this is annexed a memorandum in these words: "The counsel for the plaintiff in *certiorari*, having agreed to put this case upon the ground that this court (Common Pleas) erred in not granting a nonsuit, and that there was no proof of delivery or taking the grass mentioned in the state of demand, the above state of the case is allowed by the court, so far as the same relates to these two questions."

Assuming this as part of the case, and an agreement made by the counsel of the plaintiff in *certiorari*, which led to, or induced the court below to sign the state of the case, only two questions are presented for our consideration.

1st. Did the Common Pleas err in refusing a nonsuit? And—

2d. Was there any proof of the delivery of the grass to the defendant below, or of his taking possession of it?

As to the first of these questions, I think the court below entirely right in refusing to nonsuit. The plaintiff, by his state of demand, claimed $25 for a lot of meadow grass, sold to the defendant, on the 10th of July, 1850, for that sum, and afterwards cut and carried away by the defendant; which grass (when sold) was growing on a farm late of E. Force, deceased, and at the time of said sale, and cutting and carrying away, was in the tenure and occupation of the plaintiff. The contract upon which the action or state of demand is founded is a contract of bargain and sale only, and the allegation, that the defendant cut and carried away the grass, is wholly immaterial and unnecessary.

In support of this contract, the plaintiff proved that the defendant requested the witness, in June, 1851, to ask him (plain-

Doremus v. Howard.

tiff) if he (defendant) could have that grass, and to say to him he would give $25 for it. And the witness told the plaintiff of this offer. He proved, by another witness, that he was sent to the defendant to tell him he could have the grass, and the defendant said he would take it. Still another witness swore that the plaintiff told the defendant he could have the grass for $25, and the defendant said he would take it. This evidence surely was sufficient to be left to the jury to say whether the contract of bargain and sale, as alleged in the state of demand, was proved; indeed I may go further, and say, that, uncontradicted, it was conclusive evidence of that contract. Upon what ground, then, can it be contended that the Common Pleas ought to have nonsuited the plaintiff? But there is another answer to the objection. By the 19th and 51st sections of the small cause act, the Common Pleas are prohibited from rendering a judgment of nonsuit after the merits of the cause on either side are submitted to the jury. Here the plaintiff had submitted the merits of his case before the motion to nonsuit was submitted to the court; and under this section he was entitled to a final judgment, if his case was supported by the evidence, and if not, the defendant was entitled to final judgment against him.

As to the second question, to wit, that there was no proof of the delivery of the grass to the defendant, two answers may be given. 1st. That the suit is not on a contract for the sale and delivery of goods, but on a contract of bargain and sale, and the plaintiff, therefore, was not bound to prove a delivery. If the defendant, after his bargain, had been prevented by the act of the plaintiff from obtaining possession of the grass, he would have been entitled to his action for damages, or if the plaintiff had no title to the grass at the time of the sale, the defendant might have sued him for damages; but in either case the burthen of proof would devolve upon him to show such failure of title or obstruction to his getting possession.

The 2d answer is, that even if the contract was for the sale and delivery of the grass, all the delivery was made that the nature of the property, and the condition it was then in,

Doremus v. Howard.

was susceptible of. It was a crop of growing grass; it was sold standing, and the plaintiff was not, by the terms of the bargain, to cut it and carry it to the defendant. It was proved that Howard had the possession of the land where the grass grew, and control over it. His sale, therefore, was legal, and entitled Doremus to enter and take possession of the grass when it was fit to be gathered; and there is no evidence that he was prevented from doing so, either by the plaintiff or any body else.

On the argument, it was insisted that the plaintiff was not the sole owner of the grass, but joint owner with Force, his landlord. There is nothing in this, even if it be true. The plaintiff was in the possession of the land, and had a right either to sell the crop standing, or to gather it and sell it then, in his own name, and the purchaser had nothing to do with the terms of the contract between the plaintiff and Force. A tenant of a farm, who holds it generally on shares, may sell all the produce in his own name, and give a good title for it, if he has the actual possession. He is to account to his landlord for half the proceeds, but that does not destroy or impair the title of the purchaser.

For neither of these causes should this judgment be reversed. A number of other questions are presented in the reasons assigned for the reversal of this judgment, but it is sufficient to decide those only upon which the plaintiff's counsel consented to rest his case.

I have, however, examined these reasons, and if I were at liberty to consider them as bearing upon the legal validity of this judgment, still I find nothing in them that will warrant the reversal of it. I can in no wise perceive that the verdict of the jury below was contrary to the law or evidence in the case, and the refusal of the court to charge as requested worked no prejudice to the defendant below.

Let the judgment below be affirmed, and if necessary to change the form of the entry in the Common Pleas, to perfect the record there, let the record be remitted to that court for that purpose.

OGDEN, J.   I am satisfied with the correctness of the proceedings in this case up to and including the rendition of the verdict; but the judgment, as certified to this court by the clerk of the Common Pleas, is evidently irregular and defective.   It is entered for no specific sum, and an execution could not be issued upon it as it stands before us.   Can we remit the record to the court below, and direct them to correct and perfect their judgment?   Is there any authority for such a proceeding ?   If there is, I am prepared to follow it; if not, I cannot see how we can escape a reversal.   Where substantial justice has been done between parties in a court below, this court reluctantly disturbs judgments upon technical and formal objections; but I am not able to discover how the one under consideration can receive our affirmance and be permitted to stand of record as a valid operative adjudication.   A little attention bestowed by counsel in seeing to the proper entry of rules on the trials of appeals, might relieve the court from much embarrassment upon technicalities.   Unless the record can be lawfully remitted with instructions, I think the judgment must be reversed.

NOTE.—The record was remitted for correction, and judgment affirmed.

CITED in *N. J. M. R. R. Co.* v. *Van Syckle*. 8 *Vr.* 507 ; *Hurff* v. *Overseers of Camden*. 9 *Vr.* 289.